

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

FILED
U S DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 0 3 2013

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

EILEEN MCMURRAY,                          PLAINTIFF

V            Case No: 4:13 cv 388 JLH

METRO COLLECTION SERVICE INC. &
FORUM REAL ESTATE
GROUP                                   DEFENDANTS

## COMPLAINT

COMES NOW, Eileen McMurray, Plaintiff, by and through her attorneys Leigh Law LLC, and for her complaint states as follows:

This case assigned to District Judge Holmes
and to Magistrate Judge Volpe

**Parties**

1. Plaintiff, Eileen McMurray (hereinafter "Plaintiff"), is an individual who resides in Pulaski County, Arkansas.

2. The Plaintiff was a "consumer" at all times as alleged in this complaint, insofar as "consumer" is defined by the Fair Debt Collections Practices Act, hereafter "FDCPA," *15 U.S.C. § 1692(a)(3)*, and the Arkansas Fair Debt Collections Practices Act, hereafter "AFDCPA," *A.C.A. § 17-24-502(2)*.

3. Defendant Metro Collection Services (hereinafter "MCS") and Defendant Forum Real Estate Group (hereinafter "FREG") are corporations doing business in the state of Arkansas.

4. Defendant MCS, upon information and belief has a primary place of business at 2600 South Parker Road, Building 4-340, Aurora, Colorado 80014, and at all times as alleged in this complaint was acting as a "collection agency" in so far as "collection agency" is defined by

the Arkansas Collection Agency Act, hereafter "ACAA,", *A.C.A. § 17-24-101(1)*, a "debt collector" insofar as "debt collector" is defined by the FDCPA, *15 U.S.C. § 1692(a)(6)*, and under the AFDCPA, *A.C.A. § 17-24-502(5)*, and was attempting to collect a "debt" insofar as "debt" is defined by the FDCPA, *15 U.S.C. § 1692(a)(5)*, and under the AFDCPA, *A.C.A. § 17-24-502(4)*, which was allegedly due a "creditor" insofar as "creditor" is defined by the ACAA, *A.C.A. § 17-24-101(1)*, the FDCPA, *15 U.S.C. § 1692(a)(4)*, and the AFDCPA, *A.C.A. 17-24-502(3)(a)*, and was a furnisher of information under the Fair Credit Reporting Act, hereafter "FCRA," *15 U.S.C. § 1681*.

5. The Defendant Forum Real Estate Group, upon information and belief has a primary place of business at 210 University Blvd., Ste. 700 Denver, Colorado 80206 and conducts business in the state of Arkansas.

6. This action arises out of the facts and circumstances surrounding the collection of an alleged consumer debt, the failure to timely return a security deposit, and the failure to properly credit rental payments.

### Jurisdiction and Venue

7. Jurisdiction is conferred on this Court under *15 U.S.C. § 1692k(d)*; *28 U.S.C. § 1331*; and *15 U.S.C. § 1681p*

8. As Plaintiff's state claims are related to Plaintiff's federal claims, and Plaintiff's state claims are inextricably entwined and arise out of a common nucleus of related facts, forms part of the same controversy under Article III of the United States Constitution, are not complex or novel and are straightforward, this Court has supplemental jurisdiction to hear and adjudicate Plaintiff's state claims against the Defendant under *28 U.S.C. § 1367*.

9. Venue is proper as all alleged conduct took place while the Plaintiff was residing in Little Rock, Arkansas, and while the Defendants were conducting business in person and through the mails in the State of Arkansas.

## Facts

10. On or around the date of September 25, 2009, the Plaintiff entered into a written lease with FREG, whereby creating a consumer debt.

11. The lease, among other things, was for the rental of an apartment, in the state of Arkansas, and for the personal benefit of the Plaintiff and her family which required a security deposit of $250.00.

12. The Plaintiff fulfilled all of the terms of the lease, including but limited to, all rental payments due and legally owed to the Defendant FREG.

13. On or around July 1, 2012, the Plaintiff, after being a model tenant, vacated the property after giving proper notice per the lease agreement. The Plaintiff was under a month to month tenancy at the time she vacated the property.

14. The Plaintiff left the property in good condition with no damage greater than normal wear and tear.

15. The Plaintiff requested Defendant FREG do a walk-through with her. This was promised to the Plaintiff; however, FREG never notified the Plaintiff of a walk-through date and conducted a walk-through without the Plaintiff.

16. From August 1, 2012 through October 31, 2012, the Plaintiff made numerous phone calls to FREG, which Plaintiff keep a journal notating her contact attempts with FREG, asking when she would be receiving her security deposit, questioning why she got a ten day notice when she was not delinquent, which FREG did apologize for sending, left numerous

message as to the status of her security deposit, and filed complaints with the Arkansas Attorney General's Office, including disputing the accuracy of FREG'S records and disputing owing FREG any sum.

17. FREG refused to respond to repeated requests from the Arkansas Attorney General.

18. FREG never returned the Plaintiff's security deposit, never sent the Plaintiff a letter or called her to advise her the security deposit was not being returned, and refused to further communicate with the Plaintiff in an effort to resolve this matter.

19. FREG after not responding to the Plaintiff's repeated requests and the Arkansas Attorney General, retained the services of a collection agency that is unlicensed and illegally conducting the business of a collection agency in the state of Arkansas to contact and attempt to collect from the Plaintiff money that was not owed and in which the Plaintiff had disputed orally and in writing.

20. The Plaintiff, on or about the date of January 15, 2013, received a collection letter from MCS. (*See Exhibit A attached hereto and incorporated by reference*).

21. This collection letter constituted an initial communication under the FDCPA and the AFDCPA.

22. Defendant MCS was attempting to collect from the Plaintiff an alleged debt allegedly owed to Defendant FREG.

23. The Plaintiff, on or about the date February 17, 2013, received a collection letter from MCS (*See Exhibit B attached hereto and incorporated by reference*). The collection letter advised the Plaintiff it was in her best interest to pay the debt, that in the next thirty days the debt

would be reported negatively on her credit report, and collection accounts show on credit reports for seven years.

24. Defendant MCS followed through on its threat and did report negative information on the Plaintiff's credit report.

25. Defendant MCS reported incorrect and inaccurate information on Plaintiff's credit report.

26. Due to the Defendant's actions, letters, conduct, illegal and unethical collection methods, negative credit reporting, refusal to return her security deposit and properly credit her rental payments, the Plaintiff has suffered financial distress, emotional distress, shock, anger, loss of sleep, agitation, anxiety, nervousness, upset stomach, fear, and a general deterioration in her overall quality of life.

27. The Plaintiff has been forced to suffer due to negative information on her credit report, has been forced to seek help from the Arkansas Attorney General, and has had to retain an attorney due to the Defendant's violations of state and federal law.

28. The Plaintiff made numerous good faith efforts to resolve this dispute and spent many hours writing letters and making phones calls in an attempt to get the Defendant's to comply with state and federal law.

29. The Defendants have refused all attempts to settle this matter without litigation.

### Count 1:
### Five (5) Violations of the Fair Debt Collections Practices Act, *15 U.S.C. §1692 et seq.* (hereinafter "FDCPA)

30. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. The FDCPA is a strict liability statute and is to be liberally construed in favor of consumers to affect its purpose, *See, Picht v. Jon R. Hawks, Ltd*, 236 F.3d 446, 451 (8th Cir. 2001). "The purpose of the FDCPA is to `eliminate abusive debt collection practices by debt collectors,' and debt collectors are liable for failure to comply with `any provision' of the Act." *See, Richmond v. Higgins*, 435 F.3d 825, 828 (8th Cir. 2006).

32. Under the FDCPA, district courts are to employ and use the "unsophisticated-consumer" standard when analyzing FDCPA claims and whether conduct violates the FDCPA is to be determined by analyzing the conduct from the perspective of the least sophisticated consumer. *See, Duffy v. Landberg*, 215 F.3d 871, 873 (8th Cir. 2000); *Peters v. General Service Bureau, Inc.*, 277 F. 3d 1051, 1055 (8th Cir. 2002); *Freyermuth v. Credit Bureau Servs.,Inc.*, 248 F.3d 767, 771(8th Cir. 2001) (quoting *Duffy v. Landberg*, 215 F.3d 871, 873 (8th Cir.2000); and *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 317-318 (8th Cir.2004).

33. Under the FDCPA, if the offending conduct is not unreasonable is not a defense. *See, Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994).

34. In cases of mistake in legal judgment the "reliance on the advice of counsel or a mistake about the law" is not protected by the bona fide error defense. *See, Hulshizer v. Global Credit Servs., Inc.*, 728 F.2d 1037, 1038 (8th Cir. 1984).

35. As to the question of whether the "bona fide error" defense applies to a violation resulting from a debt collector's mistaken interpretation of the legal requirements of the FDCPA. The United States Supreme Court has concluded it does not. *See, Jerman v. Carlisle, McNellie, Rini, Kramer & Ulnch LPA*, No. 08-1200, 130 S. Ct. 1605; 176 L Ed. 2D 519; 2010 U.S. Lexis 3480; (April 21, 2010).

36. Under the FDCPA, *15 U.S.C. § 1692f*, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

37. Under the FDCPA, *15 U.S.C. § 1692e*, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

38. Under the FDCPA, *15 U.S.C. § 1692e(8)*, communicating to any person credit information which is known or which should be known to be false is a violation of the FDCPA.

39. Under the FDCPA, *15 U.S.C. § 1692K*, any debt collector who fails to comply with any provision of the FDCPA is liable for actual damages, statutory damages, costs of the action, and reasonable attorney's fee as determined by the Court.

40. Defendant MCS, on or about the dates of January 15, 2013 and February 15, 2013, violated the FDCPA, specifically *15 U.S.C. § 1692, (e)10*. Defendant MCS used false and misleading representations in their communication with the Plaintiff. Defendant MES represented itself to the Plaintiff as a collection agency authorized to conduct the business of a collection agency in the state of Arkansas. However, Defendant MES was not licensed to conduct the business of a collection agency in the state of Arkansas during their communications with the Plaintiff.

41. Defendant MES violation of Arkansas state law in regards to being properly licensed by the state of Arkansas to conduct the business of a collection agency and conducting the business of a collection agency in the state of Arkansas without such license is a violation of the FDCPA.

42. Defendant MCS, on or about the dates of January 15, 2013 and February 15, 2013, violated the FDCPA, with their actions, conduct, and communications with the Plaintiff, specifically, *15 U.S.C. § 1692(f)*, using unfair or unconscionable means to collect or attempt to

collect any debt. Defendant MRS was not licensed to conduct the business of a collection agency in the state of Arkansas, therefore any contact with the Plaintiff while acting as a collection agency and/or a collector as defined by the ACAA, when contacting the Plaintiff violates Arkansas state law and violates the FDCPA.

43. Defendant MCS, on or about the date of February 15, 2013, violated the FDCPA, specifically, *15 U.S.C. § 1692, (e)10*, when the MCS made the statement to the Plaintiff in a written communication in the connection with the collection of a debt; "Please be advised that collection accounts show on credit reports for seven years." This statement is a false and misleading statement as MCS has no personal firsthand knowledge as to the time frame and under what circumstances a debt or account may or may not be reported on a credit report. MCS does not generate credit reports and they do not make policy and laws for credit reporting agencies; furthermore, MCS made a blanket statement deceiving the least sophisticated consumer when MCS can only assume, not know, what a credit reporting agency will or will not do. MCS makes it appear to the least sophisticated consumer there is "no light at the end of the tunnel" with their statement which they cannot guarantee as accurate as they are not a credit reporting agency. MCS is making a statement appear as fact when many factors known and unknown are also taken into consideration before a debtor's credit report is poisoned. Also the actual time of reporting varies depending on many other factors. MCS statement was misleading, speculative, made a statement of fact and law which MCS has no authority to make, and this statement violates the FDCPA.

44. Defendant MCS, on or about the dates of January 15, 2013 and February 15, 2013, violated the FDCPA, with their actions, conduct, and communications with the Plaintiff, specifically, *15 U.S.C. § 1692(f)*, using unfair or unconscionable means to collect or attempt to

collect any debt. Regardless if MCS was or was not licensed by the Arkansas State Board of Collection Agencies, MCS attempted to collect a debt from the Plaintiff when no debt was owed by the Plaintiff, thereby violating the FDCPA.

45. Defendant MCS, on or about the dates of January 15, 2013 and February 15, 2013, committed per se violations of the FDCPA when they violated the AFDCPA, ACAA, FCRA and the ADTPA.

### Count 2:
### Five (5) Violations of the Arkansas Fair Debt Collections Practices Act, *A.C.A. §17-24-501 et seq.* (hereinafter "AFDCPA")

46. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. Under the AFDCPA, *A.C.A. 17-24-101* the terms debt, consumer, debt collector, creditor, and communication have the exact meaning as defined under the FDCPA, *§ 15 U.S.C. 1692*.

48. Under the AFDCPA, *A.C.A. § 17-24-507(a)*, as it relates to using unfair or unconscionable means in the collection of a debt, the exact statutory prohibitions as under the FDCPA, *15 U.S.C. § 1692(f)* are used.

49. The AFDCPA is a separate state statute that mirrors the FDCPA.

50. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

51. Defendants FDCPA violations as previously pleaded are five per-se violations of the AFDCPA.

### Count 3:
### Two (2) Violations of the Arkansas Collection Agency Act, *A.C.A. §17-24-101 et seq.* (hereinafter "ACAA")

52. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

53. Under the ACAA, it is unlawful for any person, partnership, association or corporation to conduct within the state of Arkansas a collection agency or engage within this state in the business of collecting claims for others or of soliciting the right to collect or receive payment for any other person of any claim, or advertise, either in print, by letter, in person, or otherwise, the right to collect or receive payment for another of any claim, or seek to make collection or obtain payment of any claim on behalf of another person without having first applied for and obtained a license from the State Board of Collection Agencies. *See Arkansas Code Annotated § 17-24-101.*

54. Under the ACAA, a collection agency is defined as any person who works with or employs one (1) or more other persons, or any partnership, corporation, or association which engages in the collection of delinquent accounts, bills, or other forms of indebtedness, or any person, partnership, corporation, or association using a fictitious name or any name other than their own in the collection of their own accounts receivable, or any person, partnership, corporation, or association which solicits claims for collection. *See Arkansas Code Annotated § 17-24-101.*

55. Under the ACAA, *A.C.A. § 17-24-101(1),* "communication" means the conveying of information regarding a debt directly or indirectly to any person through any medium.

56. Under the ACAA, *A.C.A. § 17-24-101 XVI(b),* improper communication with a debtor "shall be" considered and treated as engaging in an unethical practice or resorting to illegal means or method of collection.

57. Defendant MCS, on or about the dates of January 15, 2013 and February 15, 2013, violated the ACAA when it attempted to collect a debt from the Plaintiff while not properly licensed by the Arkansas State Board of Collection Agencies.

### Count 4:
### One (1) Violation of the Arkansas Deceptive Trade Practices Act, *A.C.A. §4-88-101 et seq.* (hereinafter "ADTPA")

58. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

59. Under the ADTPA, *A.C.A. § 4-88-107(a)(10)*, engaging in any unconscionable, false, or deceptive act or practice in business, commerce or trade violates the ADTPA.

60. The Arkansas Supreme Court has recognized "the legislature's remedial purpose" in enacting the ADTPA and also that a "liberal construction of the ADTPA is appropriate." *See, Arkansas ex rel. Bryant v. R & A Inv. Co.*, 985 S.W.2d 299, 302(Ark.1999).

61. A violation of the FDCPA, AFDCPA and/or the ACAA is a per se violation of the ADTPA.

62. Under the ADTPA, *A.C.A. § 4-88-113(f)*, a consumer may recover attorney fees.

### Count 5:
### Six (6) Violations of the Fair Credit Reporting Act, *15 U.S.C. § 1681 et seq.* (hereinafter "FCRA")

63. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

64. Under the FCRA, *15 U.S.C. § 1681s-2(a)(1)(A)*, a person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate.

65. Under the FCRA, *15 U.S.C. § 1681s-2*, if the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.

66. Under the FCRA *15 U.S.C. § 1681n*, any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000, such amount of punitive damages as the Court may allow and in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the Court.

67. Under the FCRA, *15 U.S.C. § 1681o*, any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the failure; and (2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the Court.

68. All of the previously pleaded conduct of MCS violates the ADTPA, *A.C.A. § 4-88-107(a)* as MCS actions against the Plaintiff were deceptive, false and or misleading.

69. FREG conduct violated the ADTPA when FREG; refused to return the Plaintiff's security deposit, sent the Plaintiff a ten day notice to vacate the property when rental payments were not in default, failed to properly apply the Plaintiff's rental payments per the lease agreement, and retained an unlicensed collection agency in the state of Arkansas to attempt to

collect on an alleged debt which the Plaintiff did not owe, allowing the collection agency MCS, to poison the Plaintiff's credit report with false and inaccurate information after FREG refused to acknowledge the Plaintiff's concerns, lied to the Plaintiff, negatively impacted the Plaintiff's credit, caused actual damages of emotional distress to the Plaintiff, and refused to comply with state and federal laws in their business dealings and conduct with the Plaintiff.

70. FREG is the proximate cause for the emotional distress caused by MCS when they retained MCS to collect on this alleged debt, MCS is also the proximate cause of emotional distress and other damages with their illegal collection methods and FREG is the proximate cause for the Plaintiff's security deposit not being returned causing the Plaintiff countless hours of wasted time and money trying to persuade FREG to properly comply with the law.

71. Defendant MCS on or about March 15, 2013 through present has furnished any information relating to the Plaintiff to a consumer reporting agency which they had reasonable cause to believe or should have had reasonable cause if it had done due diligence, that the information was inaccurate.

72. Defendant MCS failed to notify the consumer reporting agency which they furnished information that the information being furnished was in dispute by the consumer.

73. Defendant MCS violation of the FCRA are willful as MCS should not have even contacted or attempted to collect from the Plaintiff as they were not licensed by the Arkansas State Board of Collection Agencies.

### Count 6:
### Violations of *Arkansas Code Annotated §18-16-303* and *§18-16-305*

74. FREG failed to timely return the Plaintiff's security deposit and they failed to properly notify the Plaintiff in writing they were keeping her security and for the reason why.

75. This conduct violates Arkansas Code Annotated *§18-16-303 &18-16-305*.

## Damages

76. Plaintiff seeks statutory damages and actual damages, including the return of her security deposit, punitive damages, and attorney's fees and costs associated with bringing this lawsuit.

77. Plaintiff also seeks a declaratory judgment ruling Defendant MCS violated and is currently in violation of the ACAA.

## Prayer For Relief

78. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

79. Plaintiff prays for statutory damages in the amount of $1000.00 for violations of the FDCPA.

80. Plaintiff prays for actual damages in an amount proven at trial for emotional distress under the FDCPA.

81. Plaintiff prays for attorney fees and costs to bring this action under the FDCPA.

82. Plaintiff prays for statutory damages in the amount of $1000.00 for violations of the AFDCPA.

83. Plaintiff prays for actual damages in an amount proven at trial for emotional distress under the AFDCPA.

84. Plaintiff prays for attorney fees and costs to bring this action under the AFDCPA.

85. Plaintiff prays for actual damages in an amount proven at trial for emotional distress under the ADTPA.

86. Plaintiff prays for punitive damages proven at trial under the ADTPA.

87. Plaintiff prays for statutory damages under the FCRA in the amount of $1,000.00 for each violation of the FCRA.

88. Plaintiff prays for punitive damages proven at trial under the FCRA as the conduct against the Plaintiff was not only negligent but willful and ongoing since the Defendant refused to even cooperate with the Arkansas Attorney General's office in regards to the Plaintiff's written disputes to amounts allegedly owed to the Defendant.

89. Plaintiff prays for attorney fees and costs to bring this action under the ADTPA.

90. Plaintiff prays for attorney fees and costs to bring this action under the FCRA.

91. Plaintiff prays for $500.00 as double damages for the return of her security as provided by under Arkansas Code Annotated §18-16-303 &18-16-305.

92. Plaintiff prays for a declaratory judgment ruling Defendant MCS violated and is in violation of the Arkansas Collection Agency Act § Arkansas Code Annotated 17-24-101 by their failure to properly be licensed by the Arkansas State Board of Collection Agencies while conducting the business of a collection agency in the state of Arkansas.

## Jury Trial Demand

93. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

94. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff prays for a monetary judgment against Defendant for her statutory damages, actual damages, attorneys' fees and costs, and a declaratory judgment ruling

Defendant MCS in violation of Arkansas law, and for all other relief to which she has shown herself entitled.

                Respectfully submitted,

                Leigh Law LLC
                Post Office Box 21514
                Little Rock, Arkansas 72221
                501.227.7627 office
                501.227.7628 fax

By: _____
                Victoria Leigh ABN: 2011257

Plaintiff's Exhibit 4

# METRO COLLECTION SERVICE INC
## 2600 SO PARKER RD, BLDG 4-340
## AURORA, COLORADO 80014

CAROL BLACK  303-481-0525
Toll Free 866-217-0723

Date: 01/15/2013

EILEEN MCMURRAY
2300 REBSAMEN PARK RD
APT B211
LITTLE ROCK, AR 72202

**RE: VANTAGE POINT ASSOC LLC% FORUM**          AGENCY NO: 201190
PRINCIPAL:          $1755.96             CUSTOMER NO: B211
INTEREST:           $0.00                ACCOUNT NO: 207681
RETURN CHECK FEE    $0.00                DATE OF SERVICE: 09/03/2012
COLLECTION FEE      $0.00
BALANCE:            $1755.96

THIS IS A COMMUNICATION FROM A DEBT COLLECTOR
THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION
OBTAINED WILL BE USED FOR THAT PURPOSE.

(Important consumer rights information follows)

This is to inform you that the above named creditor has placed your account with this agency and it's attorney Vinci Law Office LLC, with the full intention of settling this debt. You may not have intentionally neglected this obligation, but it is seriously past due and needs your attention.

**PLEASE DO THE FOLLOWING:**
1. Remit payment in full to this office.
2. Contact this office by telephone, or mail and arrange for settlement.

PLEASE READ THE IMPORTANT NOTIFICATION BELOW. UNLESS YOU, THE CONSUMER, NOTIFY THIS COLLECTION AGENCY WITHIN THIRTY (30) DAYS AFTER RECEIPT OF THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THE DEBT OR ANY PORTION THEREOF, THE DEBT WILL BE ASSUMED TO BE VALID BY THIS COLLECTION AGENCY.

IF YOU, THE CONSUMER, NOTIFY THIS COLLECTION AGENCY IN WRITING WITHIN THIRTY (30) DAYS AFTER RECEIPT OF THIS NOTICE THAT THE DEBT OR ANY PORTION THEREOF IS DISPUTED, THIS COLLECTION AGENCY WILL OBTAIN VERIFICATION OF THE DEBT OR A COPY OF SUCH VERIFICATION OR JUDGMENT WILL BE MAILED TO YOU BY THIS COLLECTION AGENCY. UPON YOUR WRITTEN REQUEST, WITHIN THIRTY (30) DAYS AFTER RECEIPT OF THIS NOTICE, THIS COLLECTION AGENCY WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR. A CONSUMER HAS THE RIGHT TO REQUEST IN WRITING THAT A DEBT COLLECTOR OR COLLECTION AGENCY CEASE FURTHER COMMUNICATION WITH THE CONSUMER. A WRITTEN REQUEST TO CEASE COMMUNICATION WILL NOT PROHIBIT THE DEBT COLLECTOR OR COLLECTION AGENCY FROM TAKING ANY OTHER ACTION AUTHORIZED BY LAW TO COLLECT THE DEBT.

FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE
WWW.COLORADOATTORNEYGENERAL.GOV/CA

AGENCY NO: 201190
                CONTACT OUR OFFICE AT  CAROL BLACK  303-481-0525


Plaintiff's Exhibit B

**METRO COLLECTION SERVICE, INC.**
**2600 SO PARKER RD, BLDG 4-340**
**AURORA, COLORADO 80014**
CAROL BLACK  303-481-0525 Toll Free 866-217-0723
Date: 02/15/2013

EILEEN MCMURRAY
6901 W 32ND ST
LITTLE ROCK, AR 72204-4710

RE: VANTAGE POINT ASSOC LLC% FORUM                              AGENCY NO: 201190
PRINCIPAL: $1755.96                                              CUSTOMER NO: B211
INTEREST: $11.93                                            ACCOUNT NUMBER: 207681
BALANCE: $1767.89                                           DATE OF SERVICE: 09/03/2012

***TO BE REPORTED TO TRANSUNION/EXPERIAN/EQUIFAX CREDIT BUREAUS***

You have failed to pay the above debt. Therefore, within the next thirty (30) days, this account will be made part of your credit record. Please be advised that collection accounts show on credit reports for seven (7) years.

It is in your best interest to pay this balance in full as soon as possible. We are receptive to any reasonable payment arrangements that you may have in mind. Please contact our office at the number shown above. This matter now rests in your hands.

METRO COLLECTION SERVICE, INC.

CAROL BLACK  303-481-0525

AGENCY NO: 201190

THIS IS A COMMUNICATION FROM A DEBT COLLECTOR.
THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED
WILL BE USED FOR THAT PURPOSE.